UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA MORA, | Case No. 2:13-CV-1352 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| WALGREEN CO., | |
| Defendant(s). | |

Presently before the court is defendant Walgreen Company's ("Walgreens") motion for summary judgment. (Doc. # 41). Plaintiff Maria Mora did not file a response and the deadline to do so has passed. Defendant filed a reply. (Doc. # 43).

**I.  Background**

This case involves a trip and fall at the Walgreens store located at 5011 East Sahara Avenue in Las Vegas, Nevada. (*See* doc. # 41). On or about March 8, 2012, plaintiff tripped and fell in defendant's store. (*See* doc. # 1). Plaintiff asserts that while walking inside the store, she tripped over a metal piece[1] separating the flooring from the carpet and fell hard on to her stomach. *See id*. The item on which plaintiff alleges she tripped is a transition strip designed to bridge the transition from carpet to tile. Plaintiff was wearing open-toed "wedge" high heels with no back strap at the time of the fall.

The Walgreens store involved in this case has carpet that extends from the front entrance of the store to an area beyond the front registers. (*See* doc. # 41). The transition strip itself is

---

[1] Plaintiff's complaint describes the transition strip as metal. Defendant asserts that the strip is made of plastic. The court notes that, based on the photographs provided by defendant, the strip appears to be either plastic or rubber. (Doc. # 41 Ex. D).

**James C. Mahan**
**U.S. District Judge**

permanently affixed to the floor, and runs along the seam between the carpet at the front of the store and the tile in the remaining areas of the store. The strip itself is black plastic, textured with ridges to prevent slips, and is approximately two inches wide. The strip is less than one-sixteenth of an inch tall, and is virtually level with the flooring on either side of it. Based on plaintiff's account of the incident, she was walking from the carpeted area to the tiled area when she fell.

Plaintiff filed her complaint in state court on June 12, 2013, alleging a single claim of negligence. Defendant removed the case to this court on July 30, 2013, based on diversity jurisdiction.

Plaintiff alleges that defendant was negligent because it knew of the dangerous condition the transition strip presented and did nothing to correct or prevent it. Defendant counters that it did not breach any duty to plaintiff since the transition strip did not present a dangerous condition.

## II.  Legal Standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

**James C. Mahan**
**U.S. District Judge**

**III.    Discussion**

In order to withstand a motion for summary judgment regarding her negligence claim, plaintiff must provide evidence establishing: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008)). To establish entitlement to judgment as a matter of law, defendant must negate at least one of these elements. As a comparative negligence jurisdiction, Nevada allows no recovery by a plaintiff where his or her negligence is greater than, or equal to, the negligence of a defendant. NRS § 41.141.

A "business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *FGA, Inc. v. Giglio,* 278 P.3d 490, 496 (Nev. 2012) (quoting *Sprague v. Lucky Stores, Inc.,* 849 P.2d 320, 322 (Nev.1993)). An accident occurring on the premises does not of itself establish negligence. *Gunlock v. New Frontier Hotel,* 78 Nev. 182, 185, 370 P.2d 682, 684 (1962). However, the presence of a foreign substance on a floor is generally not compatible with the standard of ordinary care. *Amussen v. New Golden Hotel Co.*, 392 P.2d 49, 52 (1964) (holding landowner was not liable where plaintiff fell on floor which was heavily waxed and unbuffed, absent proof that improper wax was used and that the unbuffed, waxed floor was dangerously slippery).

Defendant argues that plaintiff has failed to prove there was any dangerous condition in defendant's store. Because the parties agree there was no defect in the floor, plaintiff cannot establish a prima facie case for negligence and summary judgment is appropriate. (Doc. # 41).

There is a clear distinction between the facts of the instant case and a "slip and fall" caused by litter or debris (*see, e.g.*, *Wagon Wheel v. Mavrogan,* 369 P.2d 688 (Nev. 1962 ); *Eldorado Club v. Graff*, 377 P.2d 174 (Nev. 1962)), water (*see, e.g.*, *Worth v. Reed,* 384 P.2d 1017 (Nev. 1963)), or some other foreign substance on a floor. "The owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies." *Sprague,* 849 P.2d at 322.

**James C. Mahan**
**U.S. District Judge**

The strip at issue in this case is not a foreign object or obstruction, nor is it debris that was negligently left in the walkway. In fact, the strip is a safety measure installed in defendant's store to help protect customers from tripping as they transition from carpet to tile. The installation of transition strips designed to prevent falls is entirely compatible with the legal standard of ordinary care, so long as it is done in such a way that does not create an unreasonably dangerous condition.

At her deposition, plaintiff testified that she had gone to the particular defendant Walgreens' store at least once per month for a period of one and one-half years prior to the fall. (*See* doc. # 41 Ex. B). Plaintiff does not assert that the transition strip was newly installed at any point during this time period, nor that it was damaged or defective. *Id*. Defendant's store manager also testified at his deposition that the strip was not defective on the date of the incident, nor had it been damaged or repaired since its installation. (Doc. # 41 Ex. B). Plaintiff merely testified that she tripped on the "black thing," which she later identified as the strip separating the carpet and tile.

According to plaintiff, the trip caused her foot to come out of her back-less wedge shoe. (*See* doc. # 41 Ex. B). The first time plaintiff saw her shoe after she fell, it was sitting on top of the transition strip. (*See id.*). Although plaintiff initially stated her shoe "stuck" on the strip, she later clarified that her shoe was sitting on top of the transition strip. There was no debris or foreign substance on the transition strip. (*See id.*). Plaintiff has not shown that defendant violated any duty owed to her by creating or failing to remedy a dangerous condition in its store.

Further, even if the transition strip did create a dangerous condition in defendant's store, plaintiff has not proved that the transition trip caused her fall and the injuries she sustained as a result. A plaintiff must produce at least some evidence independent of her own testimony to support her theory of causation. *See, e.g.*,*Castle v. Las Vegas N. Strip Holdings, LLC*, Nos. 60053, 60660, 2013 WL 634689, at *1 (Nev. Feb. 19, 2013) (*compare Rickard v. City of Reno*, 288 P.2d 209, 211-12 (1955) (concluding that an inference of causation may not be drawn when all evidence contradicts the plaintiff's theory of causation), *with Worth v. Reed*, 384 P.2d 1017,

**James C. Mahan**
**U.S. District Judge**

1019 (1963) (concluding that an inference of causation may be drawn when "some evidence" supports the plaintiff's theory of causation)).

Plaintiff has presented no evidence beyond her deposition testimony to support her theory that the strip, which is less than one-sixteenth of an inch thick, or about the thickness of a dime, contributed to her fall. By contrast, defendant's store manager testified at his deposition that aside from the instant case, he has not received any customer complaints about tripping, nor experienced any problems with the transition strip. *Id.* To date, the transition strip continues to operate as it should.

The court finds that plaintiff has not proved that the transition strip created a dangerous condition in defendant's store. Therefore, plaintiff's claim fails as a matter of law and summary judgment is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Walgreen Company's motion for summary judgment (doc. # 41) be, and the same hereby is, GRANTED.

DATED December 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -